UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE M. MANOWN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAFEWAY, INC., *et al.*,<br><br>    Defendants. | Case No. 20-cv-07266-SI<br>AND RELATED CASES 20-7267, 20-7268, 20-7270, 20-7271, 20-7272, 20-7274, 20-7276, 20-7277, 20-7280, 20-7282, 20-7283, 20-7287, 20-7291<br><br>**ORDER GRANTING PLAINTIFFS' COMBINED EX PARTE APPLICATION TO REMAND CASES TO STATE COURT**<br><br>Re: Dkt. No. 24 |

On November 4, 2020, plaintiffs in these fourteen related cases filed a combined *ex parte* application to remand the cases to state court. The Court previously granted a combined *ex parte* application to remand six other related cases to state court on the ground that the removing entities did not have the authority to remove the actions, *see* Dkt. No. 35 in 20-6947 SI. The removals in the current group of fourteen cases are identical to the removals in the cases that have been remanded; the same non-party entities removed these actions to federal court, asserting that they are actually the Doe defendants. No opposition to the plaintiffs' combined *ex parte* application to remand has been filed.[1] For the reasons set forth below, the Court GRANTS the combined *ex parte* application and REMANDS these cases to state court.

Plaintiffs contend that the removing entities did not have the authority to remove the actions. The fourteen cases at issue were removed from state court by Boehringer Ingelheim

---

[1] The Court's clerk contacted defendants and the removing entities to inquire whether any oppositions would be filed. The retailer defendants and the Sanofi entities informed the clerk that they would not be filing an opposition. The other removing entities did not respond to the Court's emails.

Pharmaceuticals, Inc., Boehringer Ingelheim USA Corporation, GlaxoSmithKline LLC, Pfizer Inc., Sanofi US Services, Inc., and Sanofi-Aventis U.S. LLC, on the basis of diversity jurisdiction. These entities are not named as defendants in the complaints, although the complaints do mention these entities in the factual allegations. The notices of removal filed by these entities state that the "removing defendants" "were improperly and incorrectly named as Doe Defendants." *See e.g.*, Dkt. No. 1 in 20-7266.

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Here, the removing entities are not the named defendants. In addition, because Doe pleading is restricted to unknown potential defendants, the removing entities cannot be the Doe defendants. *See McClatchy v. Coblentz, Patch, Duffy & Bass, LLP*, 247 Cal.App.4th 368, 371 (2016) ("Section 474 allows a plaintiff who is ignorant of a defendant's identity to designate the defendant in a complaint by a fictitious name (typically, as a 'Doe'), and to amend the pleading to state the defendant's true name when the plaintiff subsequently discovers it."); Cal. Code Civ. Proc. § 474. As such, the Court concludes that removal was improper.

Accordingly, the Court GRANTS the combined *ex parte* application and REMANDS these actions to the state courts from which they were removed. All other pending motions are DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated: November 12, 2020                            _____
                                                     SUSAN ILLSTON
                                                     United States District Judge